IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               Case No. 05-10216-JTM

DANIEL ALBERTO
ZAMUDIO-VILLEGAS,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on a 28 U.S.C. § 2255 motion of defendant Daniel Alberto Zamudio-Villegas. The court finds that the motion lacks merit, as it seeks to assert rights explicitly waived by the plea agreement, or asserts rights in a conclusory and insufficient manner.

Zamudio-Villegas pled guilty on January 23, 2006 to one count of re-entry after deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). His plea entered following a written plea agreement and a petition to enter plea. The plea was accepted by the court after an extensive colloquy which amply demonstrated that the defendant entered into the plea agreement knowingly, freely, and voluntarily.

After his plea, a pre-sentence investigation report (PIR) was prepared, which found a total offense level of 21. Zamudio-Villegas filed no objection to the PIR. Based on the offense level and a criminal history category of V, the advisory guidelines range for the defendant was 70 to 97 months imprisonment. On April 20, 2006, Zamudio-Villegas was sentenced to 70 months in prison to be

followed by 3 years of supervised release.

The defendant did not file any direct appeal from his sentence. Instead, on April 23, 2007, Zamudio-Villegas filed the present motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 15).

The defendant knowingly and voluntarily waived his rights to collaterally attack the plea. In Paragraph 8 of the plea agreement, Zamudio-Villegas agreed:

> **8. Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The Defendant is aware that Title 18, U.S.C. § 3742 affords a Defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the Defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The Defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the Defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the Defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Dkt. No. 10, at ¶ 8 (Emphasis and citation to *Cockerham* in original)).

Paragraph 3 of the plea agreement provided:

> **3. Application of the Sentencing Guidelines**. The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The Defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the Defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range

determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the Defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

(Id. at ¶ 3.)

Finally, in Paragraph 5 of the plea agreement, the defendant agreed that the sentence was solely within the discretion of the court:

**5. Sentence to be Determined by the Court.** The Defendant understands that the sentence impose will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the Defendant will receive.

(Id. at ¶ 5.)

As noted earlier, the court engaged in careful and deliberate conversation with the defendant at the time of the plea. As a result of that colloquy, the court is without any doubt that the defendant's entry into the plea was knowing and voluntary.

The defendant's statements at the time of the plea were sworn and solemn statements which are binding upon him. *Lasiter v. Thomas*, 89 F.3d 699, 703-704 (10th Cir. 1996). Those statements, and the knowing and voluntary assent to the plea agreement that they represent, preclude consideration of two of the three claims now advanced by the defendant. The defendant Zamudio-Villegas waived these arguments, since they represent collateral attacks on the sentence other than that challenging the assistance of counsel in the entry of the plea itself. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10 th Cir. 2004); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Specifically, the doctrine of waiver bars Zamudio-Villegas from now asserting that he received an incorrect sentence and that his sentence fell outside the scope of the plea agreement waiver. The defendant knowingly and voluntarily waived any challenge to the sentence imposed in

his plea.

In his third argument, Zamudio-Villegas argues only conclusorily that his counsel somehow erred in advising him as to the plea waiver. The court finds the defendant's ineffective assistance argument fails to satisfy the requirement set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to demonstrate how his counsel's performance fell below an objective standard of reasonableness, or that that deficiency resulted in actual prejudice to him. Defendant's specific allegations as to this issue (Dkt. No. 15, at ¶¶ 44-46) are wholly conclusory, and fail to present an adequate basis for relief. *See Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971).

The court will hereby dismiss the defendant's § 2255 motion for the reasons stated herein. Further, the court directs that no certificate of appealability will issue in connection with the defendant's motion to vacate.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that the defendant's Motion to Vacate (Dkt. No. 15) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE